BLANK ROME LLP
Attorneys for Defendants
Richard V. Singleton II (RS-9489)
The Chrysler Building
405 Lexington Avenue
New York, NY  10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OPTICAL COMMUNICATIONS GROUP, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>M/V AMBASSADOR, its engines, boilers, furniture, tackle, apparel, etc., *in rem* and MARBULK CANADA, INC., *in personam*,<br><br>Defendants. | 11 Civ. 4439 (NRB)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT** |

Defendants Marbulk Canada, Inc. and the M/V AMBASSADOR (herein collectively "Marbulk"), by their attorneys Blank Rome LLP, answering Plaintiff's Complaint:

## JURISDICTION

1. Deny diversity jurisdiction, but otherwise admit the allegations contained in paragraph 1 of the Complaint.

## VENUE

2. Admit the allegations contained in paragraph 2 of the Complaint.

## PARTIES

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Admit the allegations contained in paragraph 4 of the Complaint.

5. Admit the allegations contained in paragraph 5 of the Complaint.

## FACTS

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Deny the allegations contained in paragraph 8 of the Complaint.

9. Admit that a cable crossing area is marked on official navigation charts published by the United States National Oceanographic and Atmospheric Administration, but except as admitted, deny the allegations in paragraph 9 of the Complaint.

10. Deny the allegations contained in paragraph 10 of the Complaint.

11. Admit that Marbulk was the owner and operator of the AMBASSADOR, but except as admitted, deny the allegations contained in paragraph 11 of the Complaint.

12. Admit the allegations contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint.

14. Admit that the port anchor released, but except as admitted deny the allegations contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Admit that the master of the AMBASSADOR filed a report of marine accident, injury or death, FORM CG-2692, with the United States Coast Guard dated April 13, 2010 and that the language quoted, while not completely accurately related, more or less is from the report, but except as admitted deny the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

## COUNT I

## NEGLIGENCE AND UNSEAWORTHINESS

21. Defendants repeat and reallege the responses and averments contained in paragraphs 1 through 20 hereof as if more fully set forth herein.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint.

## COUNT II

## NEGLIGENCE OR UNSEAWORTHINESS
### *(In Rem)*

25. Defendants repeat and reallege the responses and averments contained in paragraphs 1 through 24 as if more fully set forth herein.

26. Admit the allegations contained in paragraph 26 of the Complaint, except deny the Standard Steamship Owner's Protection and Indemnity Association (Bermuda) Limited is Marbulk's liability insurer.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

30. The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

31. If Plaintiff has suffered any damages as alleged in the Complaint, which is denied, Plaintiff must be denied recovery as such damage was solely caused by Plaintiff's lack of due care in laying its cable and/or maintaining the cable's position.

## THIRD AFFIRMATIVE DEFENSE

32. If Plaintiff has suffered any damages as alleged herein, which is denied, Plaintiff must bear a proportionate share of responsibility for those damages as such damages were caused by Plaintiff's lack of due care in laying its cable and/or maintaining the cable's position.

## FOURTH AFFIRMATIVE DEFENSE

33. Plaintiff's claim must be denied as Plaintiff did not comply with the requirements of the governing permits which issued for the construction of the cable.

## FIFTH AFFIRMATIVE DEFENSE

34. Plaintiff has failed to act reasonably to mitigate its damages.

## SIXTH AFFIRMATIVE DEFENSE

35. Plaintiff has aggravated or exacerbated its damages by its own negligent acts and/or omissions.


**WHEREFORE**, Defendants respectfully request that:

1. The Complaint herein against Defendants be dismissed in its entirety;

2. The Defendants be awarded reasonable costs and fees incurred in connection with defending this action; and

3. The Court award such other and further relief as may be just and appropriate.

New York, New York
Dated: July 20, 2010

>BLANK ROME LLP
>Attorneys for Defendants M/V
>AMBASSADOR AND MARBULK
>CANADA INC.
>
>By: _____
>Richard V. Singleton II (RS-9489)
>The Chrysler Building
>405 Lexington Avenue
>New York, NY  10174-0208
>(212) 885-5000

To: Michael E. Stern, Esq.
Rubin, Fiorella & Friedman LLP
292 Madison Avenue, 11th Floor
New York, NY  10017

5

134508.00601/7036310v.1