BLANK ROME LLP
Attorneys for Defendants
Richard V. Singleton II (RS-9489)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OPTICAL COMMUNICATIONS GROUP, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>M/V AMBASSADOR, its engines, boilers, furniture, tackle, apparel, etc., *in rem* and MARBULK CANADA INC., *in personam*,<br><br>Defendants. | 11 Civ. 4439 (NRB) |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S RULE 56(D) APPLICATION

Richard V. Singleton
Blank Rome LLP
405 Lexington Avenue
New York, NY 10174
(212) 885-5166
(917) 332-3734
rsingleton@blankrome.com

*Attorneys for Defendants M/V AMBASSADOR and Marbulk Canada Inc.*

134508.00601/7111657v.1

Defendants submit this Memorandum in opposition to Plaintiff's application for discovery pursuant to Federal Rule of Civil Procedure 56(d). Defendants' proposed motion for summary judgment is based on the related grounds that (i) the M/V Ambassador did not drop its anchor in the designated cable field and (ii) Plaintiff's cable was laid outside of the cable field in violation of the permits required for its construction and was not marked on any chart. The evidence establishing both is uncontroverted, and Defendant therefore cannot be liable for any damage to Plaintiff's unmarked and uncharted cable. Plaintiff has made no showing of the particular facts it hopes to elicit to create an issue of material fact as to either of the above issues nor has Plaintiff described the discovery it desires to obtain such facts. Plaintiff's motion for discovery therefore should be denied.

## FACTS AND PROCEDURES

The facts relevant to Defendants' Opposition and the proceedings leading to Plaintiff's application are set forth in the Declaration of Richard V. Singleton dated March 30, 2012.

## ARGUMENT

Rule 56(d) provides in pertinent part:

> "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . (2) allow time to obtain affidavits or declarations or to take discovery;"

Whether to grant a Rule 56(d) motion is vested in the sound discussion of the trial court. *Valley Forge Ins. Co. v. Healthcare MGMT Partners Limited*, 616 F.3d 1086, 1096 (10th Cir. 2010). To prevail on a Rule 56(d) application the movant must show three things: (1) a description of the particular discovery the movant intends to seek; (2) an explanation showing how the discovery would raise a genuine issue of material fact or otherwise preclude the entry of summary judgment; and (3) a statement justifying why this discovery had not been or could not

have been obtained earlier. *Mangan v. Southern Cayuga Central School District,* 151 Fed Appx. 15, 16 (2d Cir. 2005); *Raby v. Livingston,* 600 F.3d 552, 561 (5th Cir. 2010). Although the affidavit or declaration need not contain "evidentiary facts," the showing must be specific – vague or bald conclusory statements will not suffice. *Raby v. Livingston* at 561.[1]

Plaintiff lists several areas of proposed discovery. Only one is relevant to the issues presented in Defendant's Motion for Summary Judgment: "the exact location of the vessel when the anchor was improperly released." None of the other issues Plaintiff identifies as requiring discovery, *i.e.*, the cause of the release of the anchor, whether the Master or Pilot gave permission to release the anchor, Defendant's knowledge of custom and practice regarding anchoring, and whether the submarine cable was intact when hauled out of the water, bear in any way on the location of Plaintiff's cable or where the vessel dropped her anchor. No discovery is needed on these issues to oppose Defendant's Motion for Summary Judgment.

Plaintiff's application fails even as to the one relevant issue mentioned above. Plaintiff has not indicated with any particularity what discovery it seeks or how that discovery would preclude summary judgment – the basic showing required under Rule 56(d). That is because there is no such evidence. The only documentation that exists concerning the vessel's location is the SVDR data and the entries in the vessel's logs, which were long ago produced to Plaintiff.

Plaintiff has not requested the vessel's navigation chart until now, notwithstanding ample opportunity to do so. Defendants are happy to provide Plaintiff a copy if he wishes. But the anchor position marked on the chart indicates the anchor was dropped even farther south (and thus further away from the cable field) than reflected by the SVDR data. The anchor drop position on the navigation chart in use by the ship, as indicated in the master's statement to the

---

[1] The cited cases concern Rule 56(f), which was the predecessor of Rule 56(d).

2

United States Coast Guard attached to Plaintiff's motion, is 40° 35.8N-74° 02.6W – over 400 yards to the south of the southernmost cable boundary.

All other documentation concerning the location of the cable (which would help determine where the anchor was dropped) would be in possession of Plaintiff, and Plaintiff has indicated that it has produced everything bearing on this issue.

The deposition of the ship's crew would add nothing to the above evidence that would assist Plaintiff in opposing Defendants' summary judgment motion. As the court observed at the first conference, the SVDR data unquestionably is more accurate than the captain's or a crew member's memory regarding where the ship was when the anchor dropped. Plaintiff itself concedes that it does not need the depositions of the ship's crew if Defendants are willing to stipulate to all relevant facts. (Plaintiff's Motion at ¶21.) We do not know what "facts" Plaintiff has in mind, but if Plaintiff means the facts as recorded by the vessel's SVDR and those testified to by Mr. Sherry, Defendants would agree. But Defendants do not see the need for a such stipulation as those facts are uncontroverted.

Plaintiff is misleading when it suggests it has not been permitted discovery. Plaintiff requested and was provided with the SVDR data shortly after the incident. Plaintiff requested and was given access to the ship for an inspection by its counsel and expert. Plaintiff requested and was provided with the vessel's logs and other documents relevant to SVDR data and its accuracy. No request made by Plaintiff was denied. And Plaintiff was provided with all this material long <u>before</u> suit was commenced. Plaintiff therefore cannot complain that it has had no "discovery."

Defendant's new argument, raised for the first time in its Rule 56(d) application, is "OCG believes that discovery will show that the anchor started to run free a few seconds *before* the

3

rumbling noises recorded on the SVDR." (Plaintiff's Declaration at ¶13). But Plaintiff offers no explanation for this cryptic "belief", nor does Plaintiff outline what discovery would be required to establish that the anchor started to run free a few seconds before the noises recorded on the SVDR. Plaintiff also offers no explanation as to why it believes the anchor noise was not contemporaneously recorded on the SVDR, which is how the system designed to work.

Plaintiff's argument is precisely the type of argument that fails under Rule 56(d). It does not (i) describe the particular discovery Plaintiff seeks or (ii) explain how that discovery would preclude the entry of summary judgment. Such a bald conclusory statement, without reference to the facts necessary to support it or any description of where those facts would be obtained, falls far below the showing required to grant a Rule 56(d) application.

Moreover, Plaintiff's new theory, even if borne out of discovery, would not preclude the entry of summary judgment. After the anchor release is first heard it will take at least "several seconds" for the anchor to travel the distance from its position on the ship to the sea bottom. With each passing second the ship is moving farther away from the cable area causing the anchor to strike the bottom further south of the charted cable field. (See paragraph 11 in the Singleton Declaration.) So even allowing for an additional few seconds, as Plaintiff contends, the Ambassador's anchor still would not have hit the bottom until after the vessel was outside of the cable area – all of which is consistent with the side scan sonar evidence and Mr. Sherry's testimony and exhibits, which are the only evidence as to where the cable was laid.

In short, even if Plaintiff's conclusory allegation is correct and even if Plaintiff had identified what discovery is necessary to prove it, Plaintiff's application still fails because Plaintiff has not demonstrated that such evidence would create a factual dispute sufficient to

4

deny Defendants' summary judgment motion. Plaintiff's new "delay" theory therefore does not justify ordering additional discovery.

The notation on chart 12334 regarding possible unmarked cables and pipelines "within the area of this chart", referred to by Plaintiff, does not create a dispute of fact concerning where the anchor was dropped or where Plaintiff's cable was laid. In fact, it has no application to this case whatsoever. The chart that Plaintiff quotes from covers the New York inner harbor from the Verrazano Bridge north to the southern tip of Manhattan and encompasses the waterfronts in Brooklyn and Staten Island. At the time of the incident, the AMBASSADOR was navigating using chart 12402 – not chart 12334. Chart 12402 covers the area from the Verrazano Bridge south past Coney Island into the Atlantic Ocean, and is the appropriate chart to use for navigation in that area as it is the most detailed chart published by NOAA available for the area. Chart 12402 contained no warning such as quoted by Plaintiff from chart 12334, and thus such a warning in inapplicable.

In any event, the chart notation relied on by Plaintiff creates no standard of care or duty of Defendant to Plaintiff or to any other owners of uncharted or unmarked submerged property. The general caution that uncharted cables or pipelines may be present is a warning intended to protect a <u>vessel</u> from fouling its anchor on such objects or possibly damaging the hull or machinery of the vessel by passing over and striking them in shallow water. The notation thus is not to protect the uncharted objects or to set a standard of care for damage caused by a ship to such unmarked or uncharted objects. It is to protect the ship. It would be nonsensical to suggest that such a notation would increase the liability of vessels/mariners for damage to things on the sea bottom they cannot see or know are present where the applicable chart contains no restrictions on anchoring in that specific area.

## CONCLUSION

Plaintiff has failed to describe with any particularity what additional discovery it requires on the issues relevant to Defendants' Motion for Summary Judgment or describe how that discovery would preclude the entry of summary judgment. Plaintiff's Rule 56(d) application therefore should be denied.

Dated: March 30, 2012

BLANK ROME LLP
Attorneys for Defendants,
M/V AMBASSADOR and MARBULK
CANADA INC.

By: _____
Richard V. Singleton
Blank Rome LLP
405 Lexington Avenue
New York, NY  10174
(212) 885-5166
(917) 332-3734
rsingleton@blankrome.com

To:  Michael E. Stern, Esq.
     Rubin, Fiorella & Friedman LLP
     292 Madison Avenue
     New York, NY 10017

     *Attorneys for Plaintiff*

6