# RUBIN, FIORELLA & FRIEDMAN LLP
ATTORNEYS AT LAW
292 Madison Avenue, 11th Floor
New York, New York   10017
Tel: (212) 953-2381 / Fax: (212) 953-2462

Writer's Direct Dial: (212) 447-4615
E-Mail:   Mstern@RUBINFIORELLA.COM

April 11, 2012

*By ECF*
Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl St., Courtroom 21A
New York, NY  10007-1312

   Re: Optical Communications Group, Inc. v. M/V AMBASSADOR
      Docket No. 11 Civ. 4439 (NRB)

Dear Judge Buchwald:

  We represent Plaintiff Optical Communications Group, Inc. in this matter.  We write in response to Defendants' opposition to Plaintiff's discovery motion and to request permission to file reply papers.  At the January 27, 2012 conference, the Court granted Plaintiff one month to file its papers and apparently one month to Defendants to file opposition papers.  It is not clear, however, whether Plaintiff has the right to file reply papers.

  As set forth in the motion, Plaintiff seeks discovery to establish, among other things, the location of the vessel at the time of the anchor drop and knowledge of the crew as to custom and practice.  These issues are relevant and germane and proper matters for discovery pursuant to the Federal Rules.  For example, and as detailed in the moving papers, the various statements from the crew of the vessel to the United States Coast Guard provided differing times for the anchor drop, some of which were several minutes before the sound is heard on the SVDR (Defendants' so called "black box") and therefore, would place the vessel well within the cable crossing area.  Another statement indicates that the time and position were noted on the nautical chart.  These facts were only learned after litigation had commenced.  It is disingenuous of Defendants[1] to state that if Plaintiff wanted the nautical chart, it should have asked.  That is the purpose of Rule 26

---

 [1] The statements were not provided by the Coast Guard in response to an initial FOIA request because the incident was under investigation.  Instead, these statements were obtained this office pursuant to a second FOIA after this litigation was commenced.

and discovery.

And, this nautical chart, which has not been provided to Plaintiff, allegedly shows that the vessel was nowhere near the cable crossing area when it dropped anchor, but was over *400 yards* to the south of the cable crossing area.  (It is notable that Defendants indicate location of the vessel as marked on the chart, but not the time that the notation was made).[2]  This directly contradicts that the hawse pipe and anchor were, according to Defendants, about 33 yards from the cable crossing area.[3]  Thus, on the one hand, Defendants themselves have created an issue of fact as to the position of the Vessel.  Yet, on the other hand, contend that Plaintiff has no right to discovery but should accept as fact that the vessel dropped anchor outside the cable area.

With respect to Plaintiff's desire to depose the captain and navigation officer of the vessel concerning their understanding of the standard of care and practice in New York Harbor, Defendants suggest that there is no merit to this information.  Yet, Defendants also argue that it is "nonsensical to suggest" that an explicit warning on a nautical chart creates a standard of care. It is submitted that a prudent mariner would disagree with this assertion and Plaintiff should not be prevented from this line of factual development.

Accordingly, Plaintiff respectfully requests time to submit a short reply to Defendants' opposition papers.

              Respectfully,

              *Michael E. Stern*

cc: Richard Singleton, Esq.

---

[2]  Further, Defendants suggest that the vessel was navigating using chart 12402 and not chart 12334, yet have submitted no facts to support even this basis statement.

[3]  Importantly, GPS units have a margin of error between 3 and 15 meters.  In other words, based on the margin of error of the specific unit on board the vessel, this 33 yards or, in Plaintiff's expert's calculation of 20 meters, could be within the margin of error.