BLANK ROME LLP
Attorneys for Defendants
Richard V. Singleton II (RS-9489)
The Chrysler Building
405 Lexington Avenue
New York, NY  10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OPTICAL COMMUNICATIONS GROUP, INC.,<br><br>                              Plaintiff,<br><br>         -against-<br><br>M/V AMBASSADOR, its engines, boilers, furniture, tackle, apparel, etc., *in rem* and MARBULK CANADA INC., *in personam*,<br><br>                              Defendants. | **DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S RULE 56(d) MOTION**<br><br>**DOCKET NO. 11 CIV. 4439 (NRB)** |

Plaintiff's Reply Motion raises new arguments not made in its initial submissions and cites to authorities not cited in either Plaintiff's Motion or Defendants' Opposition. None of these arguments and authorities justify allowing Plaintiff to take the costly depositions it seeks of the ship's officers:

1.      As a threshold matter, Federal Rule of Civil Procedure 56(d) requires that Plaintiff demonstrate "by affidavit or declaration" that it has satisfied the requirements of Rule 56(d) and it is entitled to the discovery requested. We have no issue with Plaintiff responding to our legal arguments in a Memorandum of Law. But Plaintiff's allegations of the discovery it hopes to take, the facts that such discovery would reveal (to the extent that Plaintiff identifies such facts), and its reasons why those "facts" would establish a conflict of material fact that would preclude summary judgment, are set forth in Plaintiff's Reply Memorandum – not in an

134508.00601/7121998v.1

affidavit or declaration. This alone is fatal to Plaintiff's application. *Radich v. Goode*, 886 F.2d 1391, 1393-94 (3d Cir. 1989).

2. The crucial issues in this case are: (i) whether the anchor was dropped in or outside of the cable field, and (ii) whether Plaintiff laid its cable outside of the charted cable field. Defendant need only prevail on one of these issues to be entitled to summary judgment. The hard evidence proves that the anchor was dropped outside of the cable field and that the cable was laid a substantial distance outside of the charted cable field. Plaintiff's has articulated nothing that would create a conflict with respect to these material facts.

3. Defendants' Declaration in Opposition contained documents and citations to deposition testimony supporting Defendants' position. In contrast, Plaintiff has submitted absolutely nothing to support its position other than Plaintiff's counsel's argument. For example, Plaintiff represents that Mr. Ickes will testify that the cable was laid in the cable field, but does not attach an affidavit of Mr. Ickes or any other evidence that would substantiate this bald conclusion. There is no reason why Plaintiff could not have submitted evidence to lay the predicate for its claims of what facts the additional discovery would reveal. Its failure to do so justifies denial of Plaintiff's motion.

4. No conflict exists between the documents Mr. Ickes submitted to the Army Corps. of Engineers and Mr. Sherry's testimony (as well as the Exhibit Mr. Sherry produced at his deposition showing the cable was laid well outside the cable field). The documents produced by Mr. Ickes, which consist of Mr. Ickes application to the Army Corps. of Engineers, were submitted prior to the date the cable was laid, as is clear from the fax trail indicated on the document themselves. (See Exhibits A and B to the Singleton Declaration dated March 30, 2012 submitted in opposition to Plaintiff's motion.) The fax was sent or received on December 8,

2006; the cable was not laid until January 2007. The drawings thus could not be evidence of the cable's as built position. Mr. Ickes certification of compliance, which is dated January 23, 200**8**, and any testimony he could offer likewise would add nothing to the evidence on where the cable was installed. Mr. Sherry testified that <u>Mr. Ickes was not present when the cable was laid</u> – a fact Plaintiff does not dispute. And Mr. Ickes' "certification" that the cable was laid in accordance with the plans and permit is directly contradicted by Mr. Ickes' letter and submission to NOAA, which shows a substantial portion of the cable laid outside of the charted cable area. (Singleton Declaration, Exh. G). Plaintiff's contention that Mr. Sherry gave false testimony because Mr. Ickes owes him a substantial sum of money is wholly unsupported and nonsensical on its face. Mr. Sherry's interest would be just the opposite – to support Mr. Ickes' claim so Mr. Ickes would recover funds he could use to pay Mr. Sherry.

In sum, the <u>only</u> evidence of where the cable was laid is Mr. Sherry's testimony, and Plaintiff has not suggested any discovery that would reveal additional facts that would create a conflict of material fact on this critical issue. As Plaintiff's cable was laid well outside of the cable field in violation of the permit for its construction, Defendants cannot be responsible for any damage they may have caused to it.

5. The position of the anchor drop given by the vessel's crew to the United States Coast Guard and the position marked on the navigation chart are further south then the anchor drop position indicated by the vessel's SVDR recorded data. Plaintiff has long known the latitude and longitude position where the crew reported to the USCG the anchor was dropped, and Plaintiff has the SVDR data. Plaintiff fails to articulate what more the master's testimony would add to this evidence. It is unlikely that Plaintiff will be seeking to rely on the position reported to USCG instead of the SVDR data, since the position reported to the USCG is less

3

favorable to Plaintiff. In any event, since both positions are outside of the cable field, the difference in data does not produce a conflict of fact as to whether the anchor was dropped outside the cable area. Plaintiff again raises the navigation chart (which shows the anchor drop position in the exact location the ship's crew reported to the USCG). Incredibly, even though we long ago offered to make the chart available, Plaintiff has still failed to request it. All of this leaves no doubt that Plaintiff's contention about the chart is the classic "red herring."

6.   Any issues of the master's "duty" are legal questions for the Court, *i.e.*, whether a ship has a duty to avoid damage to unmarked cables of which the crew was unaware laid outside of the designated cable field in violation of the applicable permits for its construction. No testimony or discovery is required for the court to isolate and decide these issues. All that it is required is legal authority provided by counsel.

7.   Plaintiff's statement on page 4 of its Reply that Defendants said the anchor was "improperly released" is just plain false. The reference on page 2 of Defendants' Memorandum in Opposition to Plaintiff's Motion is actually a quote from Plaintiff's initial submissions and was clearly indicated as such – a fact Plaintiff neglects to mention. The word "improperly" thus is Plaintiff's allegation and not Defendants' characterization of the events.

8.   Plaintiff's reference to the "Oregon Rule" and its reliance on cases cited on page 8 of its Memorandum (*Pennzoil* and *McAllister*) are misplaced. In those cases the evidence was clear that the underwater object was charted and/or marked <u>and</u> its position was known to the vessel's navigators. Nothing in those cases suggests that liability could be imposed for uncharted objects not known to a vessel's crew. This is clear from the court's observation in *McAllister*:

> In light of the foregoing, the KATTIE G. is presumed to be negligent as a moving vessel which allided with the degaussing

134508.00601/7121998v.1

range, a stationery object of which the KATTIE G. crew was aware. The degaussing range has existed in the Norfolk Harbor Reach Channel since 1990 and is reflected on several NOAA charts. The KATTIE G. navigated through the degaussing range at least 100 times. Moreover, the KATTIE G. crew knew or should have known about the ongoing construction to the range, which put the crew on notice to exercise extreme caution when transversing the range on July 13, 2010.

## CONCLUSION

For the reasons given we respectfully request that the Court deny Plaintiff's Rule 56(d) application for discovery.

Dated: May 3, 2012

BLANK ROME LLP
Attorneys for Defendants,
M/V AMBASSADOR and MARBULK
CANADA INC.

By: _____
Richard V. Singleton
Blank Rome LLP
405 Lexington Avenue
New York, NY  10174
(212) 885-5166
(917) 332-3734
rsingleton@blankrome.com

To:  Michael E. Stern, Esq.
     Rubin, Fiorella & Friedman LLP
     292 Madison Avenue
     New York, NY 10017

     *Attorneys for Plaintiff*