UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
OPTICAL COMMUNICATIONS GROUP, INC.,   Case No. 11-cv-04439-NRB

                Plaintiff,

- against -

M/V AMBASSADOR, its engines, boilers, furniture,   **RESPONSE TO DEFENDANTS'**
tackle, apparel, etc., *in rem* and MARBULK   **LOCAL RULE 56.1 STATEMENT**
CANADA, INC., *in personam*,
                Defendants.
-----------------------------------------------------------------x

      Plaintiff Optical Communications Group, Inc. by its attorneys RUBIN, FIORELLA & FRIEDMAN LLP as and for its Responses to Defendants M/V AMBASSADOR and MARBULK CANADA INC's Statement of Undisputed Facts pursuant to Local Rule 56.1 states as follows:

      1.    Admit that a revised application was submitted to the Army Corps of Engineers and the New York Department of Environmental Conservation for permission to lay a submarine fiber optic cable in the cable area south of the Verrazano Narrows Bridge. The document attached as Exhibit A does not appear to be a complete copy of the application.

      2.    Admit that Brad Ickes signed Exhibit A to Defendants' Motion.

      3.    Statement 3 is not a statement of fact. Statement 3 is a conclusory allegation of defendants' counsel.

      4.    Statement 4 is not a statement of undisputed fact.

      5.    Admit that the ACOE and NY DEC issued the Permit on or about December 8, 2006. The statements concerning the basis for the issuance of the Permit and alleged representations are not statement of undisputed fact but are allegations of counsel for which defendants offer no citation to evidence on the record. The Permit did not require the cable to be

buried.  *See*, Permit (Exhibit B to Defendants' Motion).

6. Admit that the CABLE QUEEN laid the cable on January 12, 2007.

7. Admit that Mark Sherry was responsible for laying the cable in the water. Mark Sherry did not complete installation of the cable.

8. Deny. Mr. Ickes was present during the installation of the cable and supervising work ashore. *See*, Declaration of Brad Ickes at ¶6.

9. Deny. *See*, Declaration of H. Arnold Carr at ¶5; Answers to Interrogatories and Exhibits A – C attached thereto (Exhibit 9 to Stern Declaration).

10. Deny that Sherry testified that the lap top had a differential GPS. Sherry did not know the make of the laptop GPS and he did not review the laptop during the cable laying operation. He did not review the data until after the fact. His testimony concerning this GPS system and any printouts allegedly made are hearsay and inadmissible.

11. Deny. The statements in paragraph 11 are not statements of fact. The cable was not laid as represented on Defendants' Exhibit E. *See e.g.*, Declaration of H. Arnold Carr ¶5-10; Answers to Interrogatories and Exhibits A – C attached thereto (Exhibit 10); Nationwide Permit Compliance Certification and Report Form (Declaration of Brad Ickes as Exhibit 4); Declaration of Brad Ickes.

12. Deny. This is a characterization of testimony and not undisputed fact. The determination of the credibility of witness testimony is a question of fact for the trier of fact.

13. Deny. The Permit did not require the cable to be buried as alleged in Statement 13. *See*, Permit (Exhibit 1 to Ickes Declaration). Defendants misrepresent the content of the permit.

14. Statement 14 is not a statement of fact nor is it based on evidence on the record.

Statement 14 is also a misrepresentation and is denied. OCG advised the ACOE as to the track of the cable as build. *See*, Nationwide Permit Compliance Certification and Report Form, attached to the Declaration of Brad Ickes as Exhibit 4. OCG advised NOAA of the as laid track and requested the navigation chart be changed to reflect the track. *See*, January 25, 2008 submission to NOAA, attached to the Declaration of Brad Ickes as Exhibit 3.

15. Deny. Statement 15 is argument and not a statement of fact. A Rule 56.1 statement of fact is not substitute for evidence and does not contradict the evidence defendants attempt to refute. *See*, Answers to Interrogatories (Exhibit 10), January 25, 2008 submission to NOAA, attached to the Declaration of Brad Ickes as Exhibit 3.

16. Deny. The documents produced by NOAA do not prove the non-existence of a fact as claimed by defendants. OCG sent the January 25, 2008 submission to NOAA. *See*, Declaration of Brad Ickes; Answers to Interrogatories.

17. Deny. Defendants misrepresent the facts. The cable was laid within a charted cable crossing area. The NOAA regulations do not require plotting individual cables within a cable crossing area. Further, the cable was marked on the Brooklyn and Staten Island shores by "cable crossing" signs. *See*, Declaration of Brad Ickes at ¶ 14.

18. Admit.

19. Deny. Defendants allege that the crew was navigating with Nautical Chart 12402. OCG has not been permitted to depose the crew to determine the veracity of this statement. And, despite claiming that the crew was navigating with and marked Chart 12402, defendants have refused and failed to produce this Chart and have not attached a copy of said Chart to this motion.

20. Deny. The location of the anchor drop has not been established by undisputed

evidence in admissible form. OCG had provided data to defendants that show that the anchor was released within the cable area. *See,* Declarations of Alan Blume and H. Arnold Carr; February 3 and 10, 2011 correspondence between counsel (Stern Decl. Exhibit 2).

21. Admit that the vessel was equipped with a Simplified-VDR system. Deny the characterizations of its purpose and function as having been established as fact.

22. Deny. This statement is not supported by evidence in admissible form and is not a statement of fact.

23. Deny. See 22.

24. Deny. See Response to Statements 20 and 22. This statement is based on an analysis of data by a witness who has not been deposed and has not been established as an expert witness. The time and location of the incident has not been established as undisputed. *See,* Declaration of Alan Blume; February 3 and 10, 2011 correspondence between counsel (Stern Decl. Exhibit 2); Statements of Crew attached to Coast Guard Report of Investigation, Exhibit 2 to Declaration Pursuant to Rule 56(d) (Stern Decl. Exhibit 1).

25. Deny. *See,* February 3 and 10, 2011 correspondence between counsel (Stern Decl. Exhibit 2).

26. Deny. *See,* February 3 and 10, 2011 correspondence between counsel (Stern Decl. Exhibit 2). Further deny that the witness has the expertise to make the calculations nor does the Declaration of Khrupunov state that the declaration was made on personal knowledge.

27. Deny that paragraph 27 contains statements of undisputed fact. Paragraph 27 contains expert witness analysis. The ship captain has not been qualified as an expert and OCG

has not been permitted to depose him.

28. Deny. See paragraph 27.

29. Deny. OCG has been precluded from deposing the chief officer and defendants have failed and refused to produce the vessel's navigation chart. *See*, Exhibit 1, Rule 56(d) Stern Declaration at ¶14 and 21. Further, the evidence from the chart as to reported time and location of the vessel at the time of the anchor drop contradicts the S-VDR data. This creates a genuine issue of material fact. Defendants cannot make a determination as to the credibility of the ship's own evidence. This is a question for the trier of fact.

30. Deny. Defendants offer no evidence in admissible form to render the analysis of the side scan sonar data. Instead, defendants' counsel offers factual and expert testimony by his own declaration. This is highly improper

31. Deny that this is undisputed fact. This is expert testimony being submitted without any expert discovery and supported only by improper declaration of counsel.

32. Admit that plaintiff installed a temporary cable. This installation and location of the temporary cable is irrelevant and not a material fact.

33. Admit that the cable has been damaged.

Dated: September 21, 2012

RUBIN, FIORELLA & FRIEDMAN LLP

By:_____
Michael E. Stern (MS9113)
Attorneys for Plaintiff
OPTICAL COMMUNICATIONS GROUP.
630 Third Avenue, 3rd Floor
New York, New York   10017
(212) 953-2381