# RUBIN, FIORELLA & FRIEDMAN LLP

ATTORNEYS AT LAW
630 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 953-2381
FACSIMILE: (212) 953-2462

WRITER'S DIRECT DIAL:  (212) 447-4615
E-MAIL:  Mstern@RUBINFIORELLA.COM

September 21, 2012

*By ECF*
Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl St., Courtroom 21A
New York, NY 10007-1312

      Re:    **Optical Communications Group, Inc. v. M/V AMBASSADOR**
              **Docket No. 11 Civ. 4439 (NRB)**

Dear Judge Buchwald:

      We represent Plaintiff Optical Communications Group, Inc. in this matter. We submit this letter pursuant to Your Honor's Individual Rules to summarize the substantive arguments contained in Plaintiff's opposition to defendants' motion for summary judgment.

      This case arises out of the destruction of plaintiff OCG's submarine cable by the M/V AMBASSADOR, transiting a marked cable in a shipping channel between Brooklyn and Staten Island. In preparing the port bow anchor, the ship's crew prematurely and accidentally dropped its large, heavy steel anchor OVER 55 feet to the sea floor. The large metal blades dug several feet into the mud below and ripped out OCG's cable from the mud, dragging it several hundred yards to the south and severing the cable. These facts are admitted.

      Defendants contend, however, that the bow anchor (not the rest of this ship) was outside the cable area when the anchor was dropped, and therefore, OCG's cable had to be outside of the marked cable area. These facts are disputed. Defendants also assert a legal conclusion that if its factual contentions are correct, then governing admiralty law requires 'exoneration' of the ship. That legal conclusion is demonstrably wrong. There is a presumption of fault (called the *Oregon* Rule) when a moving vessel damages a stationary object that can be overcome only if the moving vessel proves that it unmistakably was without fault. Defendants have not introduced any evidence to overcome this legal presumption of fault.

      Nor have defendants met the evidentiary burden imposed on a party moving for summary judgment. Defendants have not introduced admissible facts by an affiant competent to testify as required by Rule 56 to establish as undisputed the precise location of the anchor and cable.

Hon. Naomi Reice Buchwald
United States District Court
September 21, 2012
Page 2

Instead, defendants rely (I) upon interpretations of data and opinions of counsel; (ii) a declaration of the ship captain which concedes that the actual navigation chart on board the ship shows that the anchor dropped at a different location than the captain's subsequent interpretation of ship's data. The captain rejects the contemporaneous positions that his own mate had marked on the navigation chart. And, because the actual ship's chart has not been produced or included with this motion, defendants rely upon a chart created by another attorney in defendants' law firm; and (iv) an inadmissible and possibly fabricated sketch to argue that OCG's cable was not within the marked "cable area" when it was originally positioned.

The actual position of the ship when its anchor penetrated OCG's cable and the location of the cable, are just two of the many key facts disputed by compelling evidence. Indeed, before this litigation, the parties exchanged side scan sonar data acquired during the search and recovery efforts and various ship information. This data was reviewed by experts for both parties and preliminary interpretations of that data were exchanged. That data shows that: (I) the anchor was dropped when it and the entire ship were within the cable area; and (ii) the cable was within the cable area and crossed the southern demarcation line of the cable area in the location where it was dragged by the anchor of the AMBASSADOR.

And, defendants have not introduced any law to support their radical legal position. Rather, it is well-established that: (a) defendants owed OCG a duty of care based upon the foreseeability of harm; (b) there is a presumption of fault when a moving vessel damages a stationary object; and © on the facts here, defendants would be liable even if OCG's cable was found to be outside the cable area.

Finally, defendants include in their motion for summary judgment a motion for sanctions. This motion is both procedurally defective pursuant to Rule 11 and without any foundation.

It is respectfully submitted that the motion be denied in its entirety.

Respectfully,

Michael E. Stern

cc: Richard Singleton, Esq.

RUBIN, FIORELLA & FRIEDMAN LLP